UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RANDY L. MYERS,

       Petitioner,

v.                                      Case No. 2:05-cv-214
                                       HON. ROBERT HOLMES BELL

LINDA METRISH,

       Respondent.

_____/

## OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

        The Court has reviewed the Report and Recommendation filed by the United States

Magistrate Judge in this action on October 3, 2005. The Report and Recommendation was duly

served on the parties. The Court has received objections from the Petitioner. In accordance with 28

U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report

and Recommendation to which objection has been made. The Court now finds the objections to be

without merit.

        Petitioner states that his petition should not be dismissed because he is entitled to

equitable tolling. The one-year limitation period applicable to § 2254 is a statute of limitations

subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A

petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*,

366 F.3d 396, 401 (6th Cir. 2004), *cert. denied*, 125 S. Ct. 200 (2004); *Jurado v. Burt,* 337 F.3d 638,

642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit has

repeatedly cautioned that equitable tolling should be applied "sparingly" by this Court. *See Jurado*,

337 F.3d at 642; *Cook v. Stegall*,  295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-

1009.  In *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814-15 (2005), the Supreme Court held that a petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 1814 (applying standard set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).  Petitioner has failed to make such a showing.  Therefore, he is not entitled to equitable tolling.

Petitioner claims that the AEDPA should not apply to his habeas corpus application. However, Petitioner is mistaken.  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective in April of 1996.  Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of the court and Petitioner's application is DISMISSED pursuant to Rule 4.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED as to each issue raised by the Petitioner in this application for habeas corpus relief.  Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service.  It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to

- 2 -

summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug. 27, 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on procedural grounds that it is barred by the statute of limitations. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed each of Petitioner's claims on the procedural grounds that it is barred by the statute of limitations. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in

dismissing the petition or that the Petitioner should be allowed to proceed further." *Id.*  Therefore,

the Court denies Petitioner a certificate of appealability.


Date:  ___December 22, 2005_____          /s/ Robert Holmes Bell_____
                                          ROBERT HOLMES BELL
                                          CHIEF UNITED STATES DISTRICT  JUDGE